IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON P. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1754-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by a *pro se* plaintiff in state court and removed here has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

On July 12, 2018, the United States of America moved to dismiss this action for lack of subject matter jurisdiction, under Federal Rules of Civil Procedure 12(b)(1), and, alternatively, for failure to state a claim, under Federal Rules of Civil Procedure 12(b)(6) and 9(b). *See* Dkt. No. 6. Plaintiff Jason P. Jones failed to file a response to the motion by the court-imposed deadline. *See* Dkt. No. 7. And no reply brief was filed.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Jones filed a small claims petition against an Assistant United States Attorney

(the "AUSA") in state court based on that AUSA's removing a prior case filed by Jones from state court to federal district court. *See* Dkt. No. 1-3. Based on the certification of the United States Attorney for the Northern District of Texas that, as to the incidents referred to in the small claims petition, the AUSA was acting within his scope of employment as an employee of the United States, *see* Dkt. No. 1-1 (citing 28 U.S.C. § 2679; 28 C.F.R. § 15.4), the United States, under 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2), removed Jones's state case to this Court on July 5, 2018, *see* Dkt. No. 1.

## Legal Standards

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). As such, the Court must dismiss a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist" in any case originally filed in federal court.

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). And where, like here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively "facial," and the Court need look only to the sufficiency of the allegations of the plaintiff's complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981).

A "factual" attack on jurisdiction, however, is based on affidavits, testimony, and other evidentiary material. *See id.* Under such an attack, the Court "is empowered to consider matters of fact which may be in dispute," *Ramming*, 281 F.3d at 161, and, to oppose the Rule 12(b)(1) motion, "a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction," *Paterson*, 644 F.2d at 523; *see also Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 1981) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." (quoting *Mortensen v. First. Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## Analysis

Jones filed suit in state court against a federal employee acting within his scope of employment. Based on the United States Attorney's certification, the United States has been "substituted as the party defendant." 28 U.S.C. § 2679(d)(2); *see* Dkt. No. 1-1. And, while an action may be brought "against the United States [under the Federal Torts Claims Act ("FTCA")] for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment," *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. § 1346(b)(1)), "[s]ince a suit under the FTCA constitutes a waiver of sovereign immunity, the provisions that allow suit must be strictly construed," *Gibbs v. Miner*, No. 3:10-cv-228-M, 2010 WL 1711703, at *1 (N.D. Tex. Apr. 2, 2010) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981)), *rec. adopted*, 2010 WL 1730786 (N.D. Tex. Apr. 27, 2010).

These provisions include *proper* exhaustion of administrative remedies, which begins by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see, e.g., McGraw v. Mejia*, No. 3:13-cv-740-L, 2015 WL 569002, at *5 (N.D. Tex. Feb. 11, 2015) ("Because the Amended Complaint only mentions Plaintiffs'

attempts to exhaust the BOP's grievance procedure, which the Fifth Circuit has recognized as a separate and distinct procedure from that required by the FTCA, Plaintiffs have failed to satisfy the notice requirement under the FTCA. Accordingly, the court lacks jurisdiction over Plaintiffs' claims [under that statute]." (collecting cases)); *see also Barber v. United States*, 642 F. App'x 411, 415 n.3 (5th Cir. 2016) (per curiam) (concluding that the holding in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), "that the FTCA's statute of limitations was 'non-jurisdictional and subject to equitable tolling' ... has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement" (quoting *Wong*, 135 S. Ct. at 1638)).

Because Jones has not carried his burden to show that the United States has waived its sovereign immunity as to his claims, this Court lacks jurisdiction over those claims, and they should be dismissed without prejudice under Rule 12(b)(1). *See Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *cf. In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012*)* ("Waivers of sovereign immunity should be narrowly construed in favor of the United States." (citation omitted)).

And, because the United States has not waived its sovereign immunity, particularly through Jones's filing of this action in state court, *see* 28 U.S.C. § 1346(b)(1), its removal under Section 1442 also leaves this Court without subject

matter jurisdiction under the doctrine of derivative jurisdiction.

> That doctrine
>
> maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction. Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."

*Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)).

In *Lopez*, the United States Court of Appeals for the Fifth Circuit, joining "both circuits to have considered the issue," concluded that "the plain language" of 28 U.S.C. § 1441(f), as amended in 2002, evidences Congress's intent "'to keep the [derivative jurisdiction] doctrine in place' for removals other than those under § 1441." *Id.* at 352 (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); citing *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 246 (4th Cir. 2007) ("Whatever the intent of the 2002 amendment, its result was that § 1441(f) is more clear than former § 1441(e) in abrogating derivative jurisdiction only with respect to removals effectuated under § 1441.")). Thus, although Section 1441(f) may abrogate the doctrine for cases removed under Section 1441, the derivative jurisdiction doctrine still applies to cases removed under Section 1442, such as this one.

Finally, because the undersigned determines that this action should be dismissed for lack of subject matter jurisdiction, the Court need not consider the alternative, Rule 12(b)(6)-based reasons for dismissal. *See Ramming*, 281 F.3d at 161.

## Recommendation

The Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE